NOT DESIGNATED FOR PUBLICATION

No. 129,240

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN MITCHELL FORTNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JACOB PETERSON, judge. Submitted without oral argument. Opinion filed April 10, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., ARNOLD-BURGER and SCHROEDER, JJ.

PER CURIAM:  Steven Mitchell Fortner appeals the district court's revocation of his probation and imposition of his underlying prison term. This court granted Fortner's motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48), and the State failed to respond.

After reviewing the record and finding no error, the district court's judgment is affirmed.

1

In March 2023, Fortner entered a no contest plea to one count of possession of methamphetamine for acts that occurred in September 2022. Because this was his third or subsequent felony drug possession offense, Fortner was facing presumptive prison. In exchange for his plea, the State agreed not to oppose a dispositional departure to probation with drug treatment.

The court granted Fortner's request for a dispositional departure and sentenced him to a 20-month prison sentence, suspended to the terms of a 12-month supervised probation. The district court also ordered Fortner to obtain a drug and alcohol evaluation and follow all associated recommendations.

Nearly a year later, in April 2024, the State moved to revoke Fortner's probation, alleging that he violated the law, failed to refrain from alcohol or drugs, and failed to report for random urinalysis (UA) testing.

At the revocation hearing, Fortner stipulated to the probation violations. Both the State and the district court emphasized to Fortner that he needed to follow through with his probation conditions, in particular that the UAs needed to be completed when ordered, otherwise, as a result of his dispositional departure, the district court could send him to prison next time. The district court revoked probation, imposed a 30-day jail sanction, and extended Fortner's probation for 12 months.

In April 2025, the State again moved to revoke Fortner's probation, based on his failure to report, failure to refrain from drug and alcohol use, and failure to report for random UAs. Fortner waived his right to an evidentiary hearing and admitted he failed to refrain from drug and alcohol use, failed to report for random UAs, and failed to report as directed. The State asked the court to remand Fortner to serve his underlying sentence.

The State noted that, at the previous probation violation hearing, the district court warned Fortner about the nature of his dispositional departure and that Fortner received a 30-day sanction at the time. The State reported that Fortner had repeatedly failed to comply with UA testing and to remain drug and alcohol free.

Fortner requested that the court terminate his probation as successful or impose a jail sanction and reinstate probation. Fortner reported that he had paid all costs associated with his cases, completed treatment, and had no new criminal cases but acknowledged he had missed appointments. Fortner told the court that he had served at least three sanctions for some of the missed UAs. Fortner addressed the court personally, sharing that his focus has been on working and that was the reason for his missed appointments.

The court revoked Fortner's probation because Fortner had failed to refrain from drug and alcohol use, failed to report as directed, and failed to report for random UAs. The court emphasized that it had previously indicated that reporting was one of the most important obligations of probation, and that Fortner had failed to do so. The court noted that Fortner missed at least 5 appointments and 10 to 12 UAs.

Fortner timely appealed.

DISCUSSION

On appeal, Fortner does not challenge the district court's finding that he violated the terms of his probation. Instead he challenges the sanction imposed—remand to serve the balance of his sentence. Fortner asserts that he was improving his life and had largely completed the more difficult conditions of his probation. He also had a full-time job and contends that he was always working whenever he missed an appointment or a UA. Fortner conceded that he was still struggling with his drug addiction. But he argued that he had been on probation for two years and just wanted to get back to work. He believed

3

he could become a law-abiding member of society. According to Fortner, probation remained the appropriate sanction in this case to ensure he received the treatment he needed.

Once the State has established that a probation violation occurred, the decision whether to revoke probation rests in the sound discretion of the district court unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). As a discretionary decision, we review the case to determine whether the court abused its discretion. 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). As the party asserting the district court abused its discretion, Fortner bears the burden of showing such abuse of discretion. See *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Fortner does not claim that the district court committed an error of law or fact. He only challenges the reasonableness of the court's decision. The question is not whether this panel would have reached a different decision but whether no reasonable person would have agreed with the district court's decision.

After a probation violation has been established, the district court may revoke an offender's probation without first imposing an intermediate sanction when the offender's probation was originally granted because of a dispositional departure, as here. K.S.A. 22-3716(c)(7)(B); see also *Tafolla*, 315 Kan. at 331 (explaining the plain language of the statutory subsection authorizes bypassing intermediate jail sanctions in dispositional departure cases). Moreover, "the dispositional departure statutory exception does not require particularized findings." 315 Kan. at 331.

4

Fortner faced a presumptive prison term, but the district court granted him probation and an opportunity to avoid prison by complying with the terms of probation, which included obtaining a drug and alcohol evaluation and following through on all the associated recommendations, submitting to random UAs, reporting to his ISO, maintaining employment, and remaining drug and alcohol free. Yet Fortner violated the conditions of his probation, particularly by failing to report to his ISO and failing to submit random UAs. Also, Fortner's unwillingness to comply with the conditions of his probation continued even after the district court imposed a 30-day jail sanction and reinstated Fortner's probation for 12 months. The district court also advised Fortner that any further violations would likely result in his probation getting revoked.

This court cannot conclude that no reasonable person would have agreed with the district court's decision to revoke Fortner's probation and order him to serve his underlying prison term. It was not unreasonable for the district court to find that continuing Fortner's probation would not produce a different result. The district court therefore did not abuse its discretion in revoking Fortner's probation and ordering him to serve his underlying sentence.

Affirmed.